IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-124-BO-BM

| | |
|---|---|
| TIMOTHY PUGH, | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|       Defendant. | ) |

This cause comes before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, the motion to dismiss is granted and this action is dismissed without prejudice.

BACKGROUND

On August 10, 2022, the Honoring our PACT Act of 2022 (PACT Act) was signed into law. Pub. L. No. 117-168, 136 Stat. 1759 (2022). The PACT Act addresses, among other things, tort claims related to harm caused by exposure to contaminated water at Camp Lejeune, North Carolina. This section of the PACT Act, the Camp Lejeune Justice Act (CLJA), Pub. L. 117-168, § 804, provides a new federal cause of action as follows:

> An individual, including a veteran (as defined in section 101 of title 38, United States Code), or the legal representative of such an individual, who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune.

*Id.* § 804(b) (herein after cited as CLJA § 804). The CLJA provides for exclusive jurisdiction and venue in the United States District Court for the Eastern District of North Carolina. CLJA §

804(d). It further provides that the "United States may not assert any claim to immunity in an action under this section that would otherwise be available under [28 U.S.C. §] 2680(a)" and that no applicable statute of limitations or repose, other than that provided by the CLJA, shall bar a claim. *Id.* §§ 804(f), (j)(3). The burden of proof is on the claimant or plaintiff, who must show that the relationship between exposure to water at Camp Lejeune and the harm alleged is either sufficient to show a causal relationship or sufficient to show that a causal relationship is "at least as likely as not." *Id.* § 804(c).

In a section denominated "Disposition by Federal Agency Required," the CLJA provides that "[a]n individual may not bring an action under this section before complying with [28 U.S.C. § 2675]." *Id.* § 804(h). Section 804(h) references 28 U.S.C. § 2675, the Federal Tort Claims Act, which states that

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). All claims under the CLJA must accrue before its date of enactment, and no CLJA claim may be commenced two years after the later of the date of enactment of the CLJA or 180 days after the denial of a claim under 28 U.S.C. § 2675. CLJA § 804(j)(2).

Plaintiff Timothy Pugh commenced this action by filing a complaint on August 10, 2022. [DE 1]. Plaintiff seeks damages against the United States pursuant to the CLJA. Plaintiff served in the Marine Corps and resided on base at Camp Lejeune for approximately two years between 1984 and 1986, during which time he regularly consumed and was exposed to water supplied by defendant at Camp Lejeune. Plaintiff was diagnosed with multiple myeloma in 2012 and alleges

that the causal relationship between his exposure to contaminated water at Camp Lejeune and multiple myeloma is at least as likely as not. Plaintiff seeks general damages, special damages, and pecuniary damages from the United States for this alleged harm.

The United States has moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction. It contends that plaintiff has failed to comply with the administrative presentment requirements of the CLJA. Plaintiff argues that he has complied with the administrative presentment requirement, citing his allegations that he filed a tort claim with the United States Navy based upon his exposure to contaminated water at Camp Lejeune in March 2014. The Navy received plaintiff's claim in 2014 and denied plaintiff's claim on January 24, 2019.

Six other similarly situated actions are currently pending before the undersigned.[1] The United States has moved to dismiss those complaints on the same grounds as it has raised in this case, and the plaintiffs have raised similar if not identical arguments in opposition to dismissal. While the Court has considered each case separately, the analysis as to whether the plaintiffs' claims are exhausted is the same. The Court thus issues its complete order in this action brought by plaintiff Pugh and will file a copy of this order in each other case in which its holding is applied.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642,

---

[1] *Hedges v. United States*, No. 7:22-CV-127-BO-BM (E.D.N.C. Aug. 10, 2022); *Ensminger v. United States*, No. 7:22-CV-131-BO-RJ (E.D.N.C. Aug. 10, 2022); *Mercado v. United States*, No. 7:22-CV-133-BO-RJ (E.D.N.C. Aug. 10, 2022); *Prisner v. United States*, No. 7:22-CV-137-BO-RJ (E.D.N.C. Aug. 11, 2022); *Benson v. United States*, No. 7:22-CV-140-BO-KS (E.D.N.C. Aug. 11, 2022); *Malafronte v. United States*, No. 7:22-CV-168-BO-RN (E.D.N.C. Sept. 13, 2022).

647-50 (4th Cir. 1999). The facts alleged in the complaint are taken as true where a defendant raises a facial challenge to subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Where, however, the defendant argues that the jurisdictional allegations raised in the complaint are not true, the court may conduct an evidentiary hearing to determine whether subject matter jurisdiction exists. *Id.* "A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The United States argues that the language of the CLJA prohibits a CLJA action from being instituted unless a plaintiff first presents a CLJA claim to the Department of the Navy. It argues that the purpose of the requirement that a claim must first be disposed of by a federal agency is to allow the Navy an opportunity to resolve claims under the standards provided by the CLJA. The United States contends that these plaintiffs did not exhaust their administrative remedies by first filing a CLJA claim with the Navy. In support, the United States has filed the declarations of Randall Russell, head of the Torts Claims Branch in the Admiralty and Claims Division of the Office of the Judge Advocate General, Department of the Navy.

Plaintiffs in the above-cited cases pending before the undersigned have made the following arguments in opposition to the motion to dismiss. First, plaintiffs contend that they have complied with 28 U.S.C. § 2675 by presenting their claims to the Navy prior to the enactment of the CLJA and that the CLJA does not require them to "re-exhaust" their claims.[2]

---

[2] Plaintiff Hedges presented an administrative claim for relief for harm caused by contaminated water at Camp Lejeune (contaminated water claim) on September 16, 2014; plaintiff Ensminger

4

Plaintiffs further contend that the text of the CLJA defeats the United States' arguments in support of dismissal and that their claims presuppose any cause of action, in particular because the Navy has had every opportunity to consider their claims arising from contaminated water at Camp Lejeune. Plaintiffs argue that the statute of limitations provision of the CLJA militates against the government's interpretation. Plaintiffs contend that the United States has conflated the congressional intent of the notice requirement under 28 U.S.C. § 2675 and an agency's ability to settle a claim under 28 U.S.C. § 2672 and that requiring re-exhaustion would undermine the purpose of the CLJA. Finally, plaintiffs argue that to the extent there is ambiguity in the CLJA, it should be construed in favor of members of the armed forces.

When interpreting a statute, "[t]he first step 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). Where the language of the statute is plain, the statute should be enforced in accordance with its terms. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000). In determining a statute's plain meaning, a court must consider the context in which the words of the statute are used. *Ayes v. U.S. Dep't of Veterans Affs.*, 473 F.3d 104, 108 (4th Cir. 2006). "[A] statute ought, upon the whole, to be so construed that, if it can be

---

filed contaminated water claim on October 29, 2002; plaintiff Lawson filed a contaminated water claim on February 27, 2015; plaintiff Breen filed a contaminated water claim on March 31, 2011; plaintiff Wax filed a contaminated water claim on December 12, 2013; plaintiff Floyd filed a contaminated water claim on February 23, 2016; plaintiff Mercado filed a contaminated water claim on September 16, 2014; plaintiff Luthy filed a contaminated water claim in February 2011; plaintiff Prisner filed a contaminated water claim in October 2011; plaintiff Richards filed a contaminated water claim in May 2014; plaintiff Jessup filed a contaminated water claim on June 24, 2014; plaintiff Benson filed a contaminated water claim on December 4, 2014; plaintiff Clark filed a contaminated water claim on August 9, 2016; plaintiff Delvalle filed a contaminated water claim on April 7, 2011; plaintiff Roy filed a contaminated water claim on April 4, 2017; and plaintiff Malafronte filed a contaminated water claim in September 2011. Each of these claims are alleged to have been denied or constructively denied by the Navy.

5

Case 7:22-cv-00124-BO-BM   Document 19   Filed 01/27/23   Page 5 of 10

prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Duncan v. Walker,* 533 U.S. 167, 174, (2001) (citation omitted).

Section 804(h) of the CLJA plainly and unambiguously requires exhaustion of a claim under the CLJA before an individual may bring an action. While plaintiffs dispute that exhaustion must occur after the enactment of the CLJA, the Court determines that the plain language of the statute supports the government's interpretation. Section 804 creates a cause of action for harm caused by exposure to water at Camp Lejeune during a specific period. CLJA §§ 804, 804(b). Before a plaintiff may bring an action under the CLJA, he or she must first comply with the Federal Tort Claims Act (FTCA) by presenting the claim to the appropriate federal agency, here the Navy. CLJA § 804(h); 28 U.S.C. § 2675(a). "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir. 1986). Because the CLJA did not exist when these plaintiffs presented claims for damages to the Navy, these plaintiffs could not present a CLJA claim to the Navy. Their CLJA claims are, therefore, not exhausted, and this Court lacks subject matter jurisdiction over their claims.

This reading of the exhaustion requirement is supported by considering the text of section 804(h) in the context of the CLJA as a whole. The CLJA did not merely create a new federal cause of action for persons allegedly injured by contaminated water at Camp Lejeune. The CLJA defined a standard of proof, created its own statute of limitations, and expressly precluded particular defenses and immunities on which the Navy had previously relied to contest claims arising from contaminated water at Camp Lejeune, specifically state statutes of limitations and repose, the discretionary function exception found in 28 U.S.C. § 2680, and the *Feres* doctrine. *See* CLJA §§ 804(b), (c), (f), (j).

The FTCA's purpose of requiring a plaintiff to first present his or her claim to the appropriate federal agency is, at least in part, "to reduce unnecessary congestion in the courts." *McNeil v. United States*, 508 U.S. 106, 112 n.8 (1993) (citation omitted). Administrative exhaustion further provides "the agency a fair and full opportunity to adjudicate [a plaintiff's] claims." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Allowing these plaintiffs to proceed without permitting the Navy an opportunity to review their claims under the appropriate standards and limitations of the CLJA cuts against the goals of requiring exhaustion. In other words, to apply plaintiffs' reading would, in effect, "abrogate portions of the Camp Lejeune Justice Act" as well as "invite an early flood of lawsuits[.]" *Fancher v. United States*, __ F. Supp. 3d __, No. 5:22-CV-315-D, 2022 WL 17842896, at *6 (E.D.N.C. Dec. 20, 2022).

Plaintiffs contend they have complied with the exhaustion requirement because their claims presuppose *any* cause of action. They argue that the claims they submitted pre-CLJA and the claims they would submit post-CLJA are identical and note that a "claim" under § 2675 of the FTCA need not contain any legal theories, just the relevant facts and a request for a sum certain. *See Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *Glade v. United States*, 692 F.3d 718, 722 (7th Cir. 2012); *see also Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994) (FTCA presentment requires a written claim with request for damages in sum certain). Plaintiffs' theory is flawed, however, because while plaintiffs need not have proffered any legal theories in their pre-CLJA claims, they must nonetheless have provided notice to the Navy which was sufficient to permit the Navy to "proceed to investigate its liability and value the claim in order to assess the advisability of settlement." *Collins v. United States*, 996 F.3d 102, 105 (2d Cir. 2021). Prior to the enactment of the CLJA, the Navy could not have investigated its liability and assessed settlement in light of the specific provisions of the CLJA. This is of particular

7

importance in this context, where the CLJA has expressly prohibited the applicability of grounds relied upon by the Navy to oppose prior lawsuits and deny prior FTCA claims arising from contaminated water at Camp Lejeune. *See* Russell Decl. [DE 15-1].

This is not a conflation of the requirements for presentment of a claim and an agency's authority to settle under 28 U.S.C. § 2672. Citing *Adams v. United States*, plaintiffs argue that because presentment of a claim and the settlement of that claim are "distinct processes," dismissal for failure to exhaust because the submitted claim did not allow the United States to evaluate the claim for settlement is improper. 615 F.2d 284, 290 (5th Cir.), *decision clarified on denial of reh'g,* 622 F.2d 197 (5th Cir. 1980). Plaintiffs also rely on *Avery v. United States*, which held that the FTCA's "legislative history indicates that a skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices to overcome an argument that jurisdiction is lacking." 680 F.2d 608, 610 (9th Cir. 1982). The *Avery* court noted that the FTCA does not require a plaintiff to bring *proof* of a claim before a claim can be considered presented, and that the requirements for presentment are different from what is required for a claim to be considered for purposes of settlement under 28 U.S.C. § 2672 and 28 C.F.R. § 14.4. *Id.* at 611.

The *Adams* and *Avery* cases on which plaintiffs rely are inapposite. Those cases concern whether the information submitted by the FTCA claimant was sufficient in content or detail and whether the agency could require a claimant to supplement a claim if the original claim was sufficient. Neither case addressed whether a claim submitted prior to the enactment of a statute is sufficient to exhaust a claim under the newly enacted statute.

More analogous to these circumstances are FTCA suits that have been dismissed for failure to exhaust because the claimant presented one cause of action to the agency but sought to

8

recover for a different cause of action in a subsequent suit. *See, e.g., Ahmed*, 30 F.3d at 515-17 (presentment of claim for property damages did not exhaust a claim for personal injuries arising out of same accident). Congress intended that presentment of an FTCA claim "'would initiate a settlement procedure in which the agencies were to investigate claims.'" *Id.* at 517 (quoting *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987)). The fact that these plaintiffs have not presented a claim to the Navy under the CLJA has deprived the Navy of the opportunity to investigate plaintiffs' claims pursuant to the provisions of the CLJA. Plaintiffs will thus not be required to "re-exhaust" their claims because they have not presented a CLJA claim to the Navy.

The CLJA applies "only to a claim accruing before the date of enactment of [the CLJA]." CLJA § 804(j)(1). It further provides that a CLJA claim may not be commenced after the later of "(A) the date that is two years after the date of enactment of [the CLJA]; or (B) the date that is 180 days after the date on which the claim is denied under [28 U.S.C. § 2675]." *Id.* § 804(j)(2). Plaintiffs argue that the applicability provision contemplates that pre-CLJA claims will be considered after the enactment of the CLJA. Plaintiffs also argue that the purpose of the two-year alternative statute of limitations was to ensure that claims that had been exhausted prior to the enactment of the CLJA would not be barred.

Neither argument is persuasive. When an action accrues and whether a claim has been brought within the limitations period are simply separate questions from whether a claim has been exhausted. *See also Girard v. United States*, No. 2:22-CV-22-FL, 2023 WL 115815, at *4 (E.D.N.C. Jan. 5, 2023) ("Accrual of a claim takes place by operation of law, whereas exhaustion requires affirmative conduct on the part of the plaintiff to present such a claim to the government."). Congress understands how to specify that a statute will apply to claims filed prior to the enactment of that statute and could have affirmatively done so here had it so intended. *See*

9

Pub. L. 111-148, § 1556(c), 124 Stat. 119, 260 (2010) ("The amendments made by this section shall apply with respect to claims filed under . . . the Black Lung Benefits Act . . . after January 1, 2005, that are pending on or after the date of enactment of this Act."). Because it did not, the Court concludes that claims presented to the Navy for injuries arising out of exposure to water at Camp Lejeune prior to the enactment of the CLJA are not exhausted for purposes of the CLJA.

In sum, plaintiffs in this and the above-cited cases have failed to satisfy their burden to show that subject matter jurisdiction exists because they have not exhausted their claims under the CLJA. Their complaints are properly dismissed without prejudice.

## CONCLUSION

Accordingly, and for the foregoing reasons, the motion to dismiss by the United States [DE 14] is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this 27 day of January 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE